**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

NATHAN E. JACOBS,                )        CASE NO.  4:10cv1544
                                 )
               PLAINTIFF,        )        JUDGE SARA LIOI
                                 )
vs.                              )
                                 )        MEMORANDUM OF OPINION
                                 )        AND ORDER
ERIC HOLDER, et al,              )
                                 )
                                 )
               DEFENDANTS.       )

Plaintiff *pro se* Nathan E. Jacobs filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against United States Attorney General Eric Holder, Warden J.T. Shartle, at the Federal Correctional Institution in Elkton, Ohio, and eleven other Elkton employees. (Compl., Doc. No. 1 at 3.) He alleges that certain defendant correction officers have subjected him to racial slurs calling him "jigga-boo, slang for nigger." (*Id*. at 4.) Because he has complained about this racial slur, he has been forced to continue working in the kitchen with his antagonizers. (*Id*. at 5.) Moreover, they have attempted to force him to abandon his complaint. (*Id*.) Plaintiff asserts that he is being deprived of an investigation, a full hearing and an administrative trial. (*Id*. at 4.) In a supplement to the Complaint, Plaintiff alleges intentional infliction of emotional distress. (Doc. No. 5.) He requests full equitable payment for psychological anguish and humiliation. (Doc No. 1 at 6.) Also, before this Court is Plaintiff's Affidavit requesting to Proceed *In Forma Pauperis*. (Doc. No. 2.)

**I. LEGAL STANDARD**

Complaints filed by a *pro se* plaintiff must be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 US. 97, 106 (1976)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007).) (citations omitted). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3. This requirement applies to all plaintiffs, including those proceeding *pro se*. *See Garrett v. Belmon Co. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010); *Nat'l Bus. Devel. Serv., Inc. v. Am. Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 511 (6th Cir. 2008).

Although *pro se* pleadings are liberally construed, a district court is required to dismiss an action under 28 U.S.C. §1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is **DISMISSED** pursuant to section 1915(e).

**II. LAW AND ANALYSIS**

The Eighth Amendment, prohibiting cruel and unusual punishment, is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). The Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 546 (6th Cir.2004); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987); *see also Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept.5, 2003) ("Moreover, verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."). Indeed, the Sixth Circuit has explicitly found: "The occasional use of racial slurs, 'although unprofessional and reprehensible, does not rise to the level of constitutional magnitude.'" *Jones Bey v. Johnson*, 248 Fed.App'x. 675, 677-78 (6th Cir. 2007) (quoting *Corsetti v. Tessmer,* 41 Fed. App'x 753, 755-56 (6th Cir. 2002)). Therefore, Plaintiff may not recover damages under the Eighth Amendment for the alleged racial slurs, and this claim is dismissed with prejudice.

Plaintiff also claims that he is being deprived of an investigation, a full hearing and an administrative trial concerning the alleged retaliation against him as a result of his complaining about the alleged racial slurs. (Doc. No. 1 at 4.) To the extent that this may be liberally read to attempt to state a Fourteenth Amendment claim for violation of plaintiff's due process rights, it also fails to state a federal claim. A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656

3

(6th Cir. 1993). Here, the Complaint fails to allege any fact which might support a finding of either a deprived cognizable liberty or property interest. Moreover, the Supreme Court has held "'[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Kentucky Dep't. of Corr.*, 490 U.S. at 460-461 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242, (1976)). Nothing in the Complaint supports a reason why this Court should oversee Plaintiff's treatment by defendants at this time, as explained above the alleged racial slur do not constitute a constitutional violation. Accordingly, dismissal is warranted.

Intentional infliction of emotional distress, the only remaining claim, is a state law claim. *See Liadis v. Sears, Roebuck & Co.*, 47 Fed. App'x 295, 299 (6th Cir. 2002) (citing *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374 (1983)). The Court, if at all, has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction." *Pinney Dock & Transp. Co. v. Penn. Cent. Corp.*, 196 F.3d 617, 620 (6th Cir.1999). Having dismissed Plaintiff's Eighth Amendment claims, which were the sole source of original jurisdiction, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) and declines supplemental jurisdiction over Plaintiff's state law claim. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir.2006) ("a federal court that has dismissed a plaintiff's federal claims should not ordinarily reach the plaintiff's state-law claims"); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir.2004) ("when all federal claims have been dismissed before trial, the best course is to remand the state law claims to

4

the state court from which the case was removed"); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

### III. CONCLUSION

Plaintiff's request to Proceed *In Forma Pauperis* is **GRANTED**. (Doc. No. 2.) Plaintiff's Eighth Amendment and Fourteenth Amendment claims are hereby **DISMISSED, WITH PREJUDICE**. Further, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claim alleging intentional infliction of emotional harm, which is hereby **DISMISSED, WITHOUT PREJUDICE**. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 1, 2010

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**